---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
**4/19**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Avenue Stores, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **Ornatus URG Acquisition, LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **90-0790838** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **365 West Passaic Street, Suite 230**<br>**Rochelle Park, NJ 07662**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Bergen**<br>County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.avenue.com/**<br>**https://www.loralette.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor   **Avenue Stores, LLC**_____   Case number (*if known*) _____

Name

**7.** **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**4481**

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**   ☒ No   **See Attachment 1 for additional information**

☐ Yes

If more than 2 cases, attach a separate list.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**   ☐ No

☒ Yes

List all cases. If more than 1, attach a separate list

| | Debtor   **See Attachment 2** | | Relationship _____ |
| | District _____ | When _____ | Case number, if known _____ |

01:24773603.1

Debtor    **Avenue Stores, LLC**                                          Case number (*if known*) _____
          Name

---

**11. Why is the case filed in *this district*?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

            Contact name _____

            Phone _____

---

█ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor   **Avenue Stores, LLC**
         Name                                                    Case number (if known)

| Request for Relief, Declaration, and Signatures |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/16/2019
              MM / DD / YYYY

X _____            **David Rhoads**
Signature of authorized representative of debtor    Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

X _____            Date   08/16/2019
Signature of attorney for debtor                      MM / DD / YYYY

**Andrew L. Magaziner**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**      Email address   **amagaziner@ycst.com**

**5426 (DE)**
Bar number and State

**ATTACHMENT 1 TO VOLUNTARY PETITION**

On February 1, 2012, United Retail Group, Inc., Avenue Gift Cards, Inc., United Distribution Services, Inc., United Retail Holding Corporation, Untied Retail Incorporated, and United Retail Logistics Operations Incorporated commenced voluntary cases (Case Nos. 12-10405 (SMB), 12-10406 (SMB), 12-10407 (SMB), 12-10408 (SMB), 12-10409 (SMB), and 12-10410 (SMB), respectively) under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, in the United States Bankruptcy Court for the Southern District of New York.  The cases were procedurally consolidated and jointly administered under Case No. 12-10405 (SMB).  The Debtors' assets were acquired in a sale in these previous bankruptcy cases.

## ATTACHMENT 2 TO VOLUNTARY PETITION

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the related entities listed below, including the debtor in this chapter 11 case (collectively, the "<u>Debtors</u>"), will file or have filed a petition with the Court for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

**The Debtors are the following entities (along with their federal tax identification numbers):**

1. Avenue Stores, LLC (90-0790838)

2. Ornatus URG Holdings, LLC (80-0781146)

3. Ornatus URG Real Estate, LLC (80-0799565)

4. Ornatus URG Gift Cards, LLC (46-1569203)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVENUE STORES, LLC, *et al.*,[1] | Case No. 19-_____ (_____) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
## TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Avenue Stores, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby state as follows:

1.      Debtor Ornatus URG Holdings, LLC is owned by the following non-debtor entities:

| Entity | Ownership Percentage[2] |
|---|---|
| Ornatus URG Management, LLC | Class A Units:  1.0%<br>Class B Units:  100.0% |
| Ornatus URG Investments II, LLC | Class A Units:  69.7%<br>Class A-1 Units:  70.6% |
| Ornatus URG Investments II-A, LLC | Class A Units:  29.0%<br>Class A-1 Units:  29.4% |
| Dorrit Bern | Class A Units:  0.3% |

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Avenue Stores, LLC (0838); Ornatus URG Holdings, LLC (1146); Ornatus URG Real Estate, LLC (9565); and Ornatus URG Gift Cards, LLC (9203).  The Debtors' headquarters are located at 365 West Passaic Street, Suite 230, Rochelle Park, New Jersey 07662.

[2]      Ownership percentages have been rounded to the nearest tenth.

2.      Debtor Ornatus URG Holdings, LLC owns 100% of the equity interests in each of Debtors Ornatus URG Real Estate, LLC, Avenue Stores, LLC, and Ornatus URG Gift Cards, LLC.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name:  Avenue Stores, LLC, <em>et al.</em></td><td rowspan="3">☐ Check if this is an amended filing</td></tr>
<tr><td>United States Bankruptcy Court for the:  District of Delaware</td></tr>
<tr><td>Case number (if known):  _____</td></tr>
</table>

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | FB FLURRY LLC JEFF ZISK, CEO 10300 SANDEN DRIVE DALLAS, TX 75238 | FB FLURRY LLC JEFF ZISK, CEO PHONE: 214-632-4498 EMAIL: jzisk@fbflurry.com | TRADE | N/A | | | $1,554,084.63 |
| 2 | LAND 'N SEA INC ROBERT SOBEL, CEO 1440 BROADWAY 3RD FLR NEW YORK, NY 10018 | LAND 'N SEA INC ROBERT SOBEL, CEO PHONE: (212)444-6000 EMAIL: gprusakowski@landnseaco.com | TRADE | N/A | | | $783,997.48 |
| 3 | VALENTINE USA INC. SIMONE DOMINICI, CEO THE CIT GROUP/COMMERCIAL SERVICE INC ASSIGNED TO MERCHANT FACTORS CORP CHARLOTTE, NC 28201-1036 | VALENTINE USA INC. SIMONE DOMINICI, CEO PHONE: 212-840-8866 FAX: 212-840-8845 | TRADE | N/A | | | $678,333.05 |
| 4 | ALL-IN INVESTMENT AND DEVELOPMENT (GROUP) CO LTD PRESIDENT OR GENERAL COUNSEL 499 7TH AVENUE NEW YORK, NY 10018 | ALL-IN INVESTMENT AND DEVELOPMENT (GROUP) CO LTD PRESIDENT OR GENERAL COUNSEL PHONE: 323-201-6468 FAX: 323-722-7175 | TRADE | N/A | | | $654,821.71 |
| 5 | REVISE CLOTHING INC PRESIDENT OR GENERAL COUNSEL 215 W40TH STREET, SUITE 2 NEW YORK, NY 10018 | REVISE CLOTHING INC PRESIDENT OR GENERAL COUNSEL PHONE: 201-727-9339 FAX: 201-727-9704 | TRADE | N/A | | | $597,287.33 |
| 6 | BLUPRINT CLOTHING CORP. JU HYUN KIM, CEO 5600 BANDINI BLVD BELL GARDENS, CA 90201 | BLUPRINT CLOTHING CORP. JU HYUN KIM, CEO PHONE: 323-780-4347 FAX: 323-780-9332 | TRADE | N/A | | | $441,360.60 |
| 7 | GREENA AKA AVA JAMES PRESIDENT OR GENERAL COUNSEL 1439 S HERBERT AVE COMMERCE , CA 90023 | GREENA AKA AVA JAMES PRESIDENT OR GENERAL COUNSEL EMAIL: info@avajamesnyc.com | TRADE | N/A | | | $338,273.85 |
| 8 | WOODLAND TRADING INC SUDHIR KAKAR, PRESIDENT 1407 BROADWAY, RM 905 NEW YORK, NY 10018 | WOODLAND TRADING INC SUDHIR KAKAR, PRESIDENT PHONE: 212-819-0123 FAX: 212-819-0080 EMAIL: woodlandtrading@yahoo.com | TRADE | N/A | | | $331,595.14 |
| 9 | ONEWORLD APPAREL LLC ARTHUR GORDON, CEO 13071 TEMPLE AVE LA PUENTE, CA 91746 | ONEWORLD APPAREL LLC ARTHUR GORDON, CEO PHONE: (213) 891-0177 EMAIL: sbundy@oneworldapparel.com | TRADE | N/A | | | $266,007.64 |

Debtor Avenue Stores, LLC, et al.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 10 | C.P. INTERNATIONAL, CORP.<br>PRESIDENT OR GENERAL COUNSEL<br>165 NORTH DEAN STREET<br>ENGLEWOOD,  NJ  07631 | C.P. INTERNATIONAL, CORP.<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: 201-816-8111<br>FAX: 201-816-0226<br>EMAIL: cpi.shoes@prodigy.net | TRADE | N/A | | | $251,965.95 |
| 11 | NOTATIONS INC<br>KURT ERMAN, PRESIDENT<br>539 JACKSONVILLE RD<br>WARMINSTER, PA 18974 | NOTATIONS INC<br>KURT ERMAN, PRESIDENT<br>PHONE: 212-921-5495<br>EMAIL: Scotte@notations.com | TRADE | N/A | | | $239,213.75 |
| 12 | HMS PRODUCTIONS, INC<br>PRESIDENT OR GENERAL COUNSEL<br>250 W 39TH STREET, 12TH FLOOR<br>NEW YORK, NY 10018 | HMS PRODUCTIONS, INC<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: 212.719.9190<br>EMAIL: info@hmsproductions.nyc | TRADE | N/A | | | $234,837.73 |
| 13 | BYER CALIFORNIA<br>PRESIDENT OR GENERAL COUNSEL<br>62685 COLLECTION CENTER DR<br>CHICAGO,  IL  60693-0626 | BYER CALIFORNIA<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: (415) 626-7844 ext. 6324<br>EMAIL: lsanchez@byer.com | TRADE | N/A | | | $232,443.13 |
| 14 | EXPRESSIONS LINGERIE DIVISION OF MUSTANG ASSETS<br>PRESIDENT OR GENERAL COUNSEL<br>333 FIFTH AVENUE<br>PELHAM, NY  10803 | EXPRESSIONS LINGERIE DIVISION OF MUSTANG ASSETS<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: 914-227-9357<br>EMAIL: Steven@benkmilker.com | TRADE | N/A | | | $231,064.42 |
| 15 | REPUBLIC CLOTHING CORP<br>STEVEN SALL, CHAIRMAN<br>1411 BROADWAY, SUITE 12<br>NEW YORK, NY 10018 | REPUBLIC CLOTHING CORP<br>STEVEN SALL, CHAIRMAN<br>PHONE: (212) 719- 3000<br>FAX: (212) 302- 4376 | TRADE | N/A | | | $228,982.88 |
| 16 | GOOGLE<br>SUNDAR PICHAI, CEO<br>1600 AMPITHEATRE PARKWAY<br>MOUNTAINVIEW, CA  94043 | GOOGLE<br>SUNDAR PICHAI, CEO<br>PHONE: 650-253-0000<br>EMAIL: collections@google.com | TRADE | N/A | | | $227,571.43 |
| 17 | RICHA GLOBAL EXPORTS PVT LTD<br>PRESIDENT OR GENERAL COUNSEL<br>A-41, MAYAPURI INDUSTRIAL AREA<br>NEW DELHI<br>INDIA | RICHA GLOBAL EXPORTS PVT LTD<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: +91-124-4314000<br>FAX: +91-124-4290303<br>EMAIL: INFO@RICHAGLOBAL.COM | TRADE | N/A | | | $218,168.87 |
| 18 | CORRA TECHNOLOGY INC<br>PRESIDENT OR GENERAL COUNSEL<br>363 BLOOMFIELD AVE<br>MONTCLAIR , NJ 07042 | CORRA TECHNOLOGY INC<br>PRESIDENT OR GENERAL COUNSEL<br>EMAIL: AR@CORRA.COM | TRADE | N/A | | | $215,600.99 |
| 19 | CHINEX APPAREL, INC<br>PRESIDENT OR GENERAL COUNSEL<br>209 WEST 40TH STREET 7TH FL SUITE 708<br>NEW YORK,  NY 10018 | CHINEX APPAREL, INC<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: 212-510-8576<br>FAX: 212-658-9629<br>EMAIL: wu@chinexusa.com | TRADE | N/A | | | $214,613.21 |
| 20 | FRED DAVID INTERNATIONAL USA INC<br>PRESIDENT OR GENERAL COUNSEL<br>1407 BROADWAY SUITE 710<br>NEW YORK, NY 10018 | FRED DAVID INTERNATIONAL USA INC<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: 714-521-0121<br>FAX: 714-521-0122<br>EMAIL: INFO@FREDDAVID.COM; HR@FREDDAVID.COM | TRADE | N/A | | | $198,258.14 |
| 21 | JIANGSU GUOTAI INT'L GROUP<br>PRESIDENT OR GENERAL COUNSEL<br>GUOTAI USA CO LTD 1501 RIO VISTA AVE<br>LOS ANGELES,  CA 90023 | JIANGSU GUOTAI INT'L GROUP<br>PRESIDENT OR GENERAL COUNSEL<br>PHONE: 323-881-3279 EXT.253 | TRADE | N/A | | | $193,928.55 |
| 22 | HOMESTREET BANK<br>MARK K MASON, CEO<br>601 UNION ST, SUITE 2000<br>SEATTLE, WA 98101 | HOMESTREET BANK<br>MARK K MASON, CEO<br>FAX: 206-621-2538 | TRADE | N/A | | | $190,000.00 |
| 23 | ZINNTEX LLC<br>RICKY ZINN, CEO<br>53 ORCHARD CT<br>WOODBURY, NY 11797 | ZINNTEX LLC<br>RICKY ZINN, CEO<br>PHONE: (212) 584-9229<br>FAX: (212) 656-1891<br>EMAIL: billing@zinntex.com | TRADE | N/A | | | $183,323.90 |

Debtor Avenue Stores, LLC, et al.

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 24 | HORIZON KAREN MCGRATH, CEO 949 RAYMOND BLVD NEWARK, NJ 07105 | HORIZON KAREN MCGRATH, CEO FAX: 605.772.4514 | TRADE | N/A | | | $180,000.00 |
| 25 | INTERNATIONAL DIRECT GROUP,INC PRESIDENT OR GENERAL COUNSEL 525 7TH AVENUE, SUITE 208 NEW YORK, NY 10018 | INTERNATIONAL DIRECT GROUP,INC PRESIDENT OR GENERAL COUNSEL PHONE: 212-921-9036 FAX: 212-921-9038 EMAIL: Joel@InternationalDG.com; info@internationaldg.com | TRADE | N/A | | | $175,026.67 |
| 26 | VOLUMECOCOMO APPAREL INC PRESIDENT OR GENERAL COUNSEL HANA FINANCIAL INC DEPT. LA 24406 PASADENA, CA 91185-4406 | VOLUMECOCOMO APPAREL INC PRESIDENT OR GENERAL COUNSEL PHONE: 323-881-1830 FAX: 323-881-1840 | TRADE | N/A | | | $161,875.35 |
| 27 | VESTURE GROUP INC ATTN: ROBERT GALISHOFF 2220 N SCREENLAND DR BURBANK, CA 91505 | VESTURE GROUP INC ATTN: ROBERT GALISHOFF PHONE: (818)842-0200 FAX: (818)842-0400 EMAIL: info2@vesturegroupinc.com | TRADE | N/A | | | $147,028.72 |
| 28 | JUMP DESIGN GROUP ASHESH AMIN, CEO 1400 BROADWAY, FL 2 NEW YORK, NY 10018 | JUMP DESIGN GROUP ASHESH AMIN, CEO PHONE: (201)558-9191 EMAIL: GlennS@jumpdesigngroup.com | TRADE | N/A | | | $141,301.54 |
| 29 | HOT LINE INDUSTRIES INC HOWARD NEGRIN, PRESIDENT 2648 GRAND AVE BELLMORE, NY 11710 | HOT LINE INDUSTRIES INC HOWARD NEGRIN, PRESIDENT PHONE: 516-764-0400 FAX: 516-764-6009 | TRADE | N/A | | | $138,330.61 |
| 30 | TANYA CREATIONS INC. PRESIDENT OR GENERAL COUNSEL 360 NARRAGANSETT PARK DRIVE EAST PROVIDENCE, RI 2916 | TANYA CREATIONS INC. PRESIDENT OR GENERAL COUNSEL PHONE: 401-438-8050 FAX: 401-438-4890 | TRADE | N/A | | | $136,982.23 |

**Fill in this information to identify the case:**

Debtor name    **Avenue Stores, LLC**

United States Bankruptcy Court for the:   **DISTRICT OF DELAWARE**

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration   **Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/16/2019**          X  **/s/ David Rhoads**
                                       Signature of individual signing on behalf of debtor

                                       **David Rhoads**
                                       Printed name

                                       **Chief Financial Officer**
                                       Position or relationship to debtor

Official Form 202               **Declaration Under Penalty of Perjury for Non-Individual Debtors**

01:24804912.1

WRITTEN CONSENT
OF THE
BOARD OF MANAGERS OF
**AVENUE STORES, LLC**
**a Delaware limited liability company**

THE UNDERSIGNED, being a majority of the managers of the Board of Managers (the "Board") of Avenue Stores, LLC, a Delaware limited liability company (the "Company"), hereby consent to and adopt the following resolutions pursuant to the Second Amended and Restated Limited Liability Company Agreement of the Company, dated September 19, 2014, as amended (the "LLC Agreement"), as of the date set forth below:

WHEREAS, the Company is the manager of Ornatus URG Real Estate, LLC, a Delaware limited liability company ("Real Estate"), and Ornatus URG Gift Cards, LLC, a Virginia limited liability company ("Gift Cards" and together with the Company and Real Estate, collectively, the "Debtors");

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Debtors, and the Debtors' business on the date hereof, including the historical performance of the Debtors, the assets of the Debtors, the current and long-term liabilities of the Debtors, the market for the Debtors' assets, and credit market conditions; and

WHEREAS, the Board has received, reviewed and considered the recommendations of the senior management of the Debtors and the Debtors' legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT:**

**Appointment of CRO**

RESOLVED, that Robert J. Duffy of Berkeley Research Group, LLC ("BRG") is hereby appointed as Chief Restructuring Officer of the Company; and it is further

**Commencement and Prosecution of Bankruptcy Case**

RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, member and other interested parties, that a voluntary petition (the "Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") by the Company commencing a case (the "Bankruptcy Case") under the provisions of the Bankruptcy Code; and it is further

RESOLVED, that each officer of the Company (each, an "Officer" and collectively, the "Officers") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Bankruptcy Case; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## Retention of Professionals

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that BRG be, and hereby is, authorized, directed and empowered to serve as a financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of BRG; and it is further

**RESOLVED**, that Configure Partners, LLC ("Configure") be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist the Company in connection with the sale of the Company's "E-Commerce Business" and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Configure; and it is further

**RESOLVED**, that Prime Clerk LLC ("Prime Clerk") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute

appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

## Postpetition Financing

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are

necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it is further

**Sale**

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to retain a joint venture composed of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Consultant") to conduct "going out of business sales" solely at the Company's retail stores (the "GOB Sale"), if any, in connection with the commencement of the Bankruptcy Case and to provide consulting services relating thereto; and, in connection therewith, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute a consulting agreement with the Consultant and related ancillary documents to effectuate the aforementioned sale; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to (i) enter into negotiation with any interested parties regarding a purchase of any or all of the assets of the Company not subject to the GOB Sale (of any kind) (a "Non-GOB Sale"), (ii) execute and deliver an agreement providing for such Non-GOB Sale (the "Sale Agreement"), (iii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain  approval for the transactions contemplated thereby, (iv) if the Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local or non-U.S. law to sell such assets in a Non-GOB Sale, (v) organize and manage a sales process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, and (vi) enter into such additional agreement, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; and it is further

**General Resolutions**

**RESOLVED**, that the Board, on behalf of the Company, as manager of each of the other Debtors, authorizes and directs the execution by the Company of the Written Consent of the Manager of Ornatus URG Real Estate, LLC and the Written Consent of the Manager of Ornatus URG

Gift Cards, LLC, substantially in the forms attached hereto as <u>Exhibit A</u> (the "<u>Company Consents</u>"), and that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered in the name of the Company to execute and deliver to the Company the Company Consents and take any actions or execute and delivery any documents in furtherance of the Company Consents or matters approved therein; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any manager or Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.


* * * * *

This Written Consent shall be filed in the Minute Book of the Company and shall become a part of the records of the Company.

Date:  August 16, 2019

MANAGERS:

*/s/ Paul Halpern*
Paul Halpern


*/s/ Raymond C. French*
Raymond C. French


*/s/ Aaron Headley*
Aaron Headley


*/s/ Matthew R. Kahn*
Matthew R. Kahn


Agreed and accepted:

ORNATUS URG HOLDINGS, LLC, its sole member


By: */s/ Paul Halpern*
Name:  Paul Halpern
Its: Authorized Signatory

[SIGNATURE PAGE TO CONSENT OF BOARD – AVENUE STORES, LLC]

# **EXHIBIT A**

Company Consents

01:25004560.1

WRITTEN CONSENT
OF THE
MANAGER OF
**ORNATUS URG HOLDINGS, LLC**
**a Delaware limited liability company**

THE UNDERSIGNED, being the manager (the "Manager") of Ornatus URG Holdings, LLC, a Delaware limited liability company (the "Company"), hereby consents to and adopts the following resolutions pursuant to the Fifth Amended and Restated Limited Liability Company Agreement of the Company, dated April 26, 2017, as amended (the "LLC Agreement"), as of the date set forth below:

**WHEREAS**, the LLC Agreement provides that the Manager may delegate authority to act on behalf of the Company with respect to specific matters;

**WHEREAS**, in furtherance of the foregoing, the Manager, in the exercise of its business judgment, delegated the Manager's authority to oversee certain potential restructuring matters relating to the Company to Matthew R. Kahn (in such capacity, the "Restructuring Designee");

**WHEREAS**, in its delegation of authority to the Restructuring Designee, it was provided that, without the consent of the Manager, the Restructuring Designee shall have no power to authorize, or authority to commence or cause the Company (or any of its subsidiaries, as applicable) to effect or commit to effect, the filing of a voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Company is the sole member of Ornatus URG Real Estate, LLC, a Delaware limited liability company ("Real Estate"), Avenue Stores, LLC, a Delaware limited liability company ("Avenue"), and Ornatus URG Gift Cards, LLC, a Virginia limited liability company ("Gift Cards" and together with the Company, Real Estate and Avenue, collectively, the "Debtors");

**WHEREAS**, the Manager has reviewed and considered the financial and operational condition of the Debtors, and the Debtors' business on the date hereof, including the historical performance of the Debtors, the assets of the Debtors, the current and long-term liabilities of the Debtors, the market for the Debtors' assets, and credit market conditions; and

**WHEREAS**, the Manager has received, reviewed and considered the recommendations of the senior management of the Debtors and the Debtors' legal, financial and other advisors as to the relative risks and

benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**Appointment of CRO**

**RESOLVED**, that Robert J. Duffy of Berkeley Research Group, LLC ("BRG") is hereby appointed as Chief Restructuring Officer of the Company; and it is further

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors, members and other interested parties, that a voluntary petition (the "Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company under the provisions of the Bankruptcy Code; and it is further

**RESOLVED**, that each officer of the Company (each, an "Officer" and collectively, the "Officers") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the commencement of such Bankruptcy Case; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from

time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## Retention of Professionals

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that BRG be, and hereby is, authorized, directed and empowered to serve as a financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of BRG; and it is further

**RESOLVED**, that Configure Partners, LLC ("Configure") be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist the Company in connection with the sale of the Company's "E-Commerce Business" and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case;

and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Configure; and it is further

     **RESOLVED**, that Prime Clerk LLC ("<u>Prime Clerk</u>") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

     **RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

### <u>Postpetition Financing</u>

     **RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it is further

## Sale

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to retain Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Consultant") to conduct "going out of business sales" solely at the Company's retail stores (the "GOB Sale"), if any, in connection with the commencement of the Bankruptcy Case and to provide consulting services relating thereto; and, in connection therewith, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute a consulting agreement with the Consultant and related ancillary documents to effectuate the aforementioned sale; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to (i) enter into negotiation with any interested parties regarding a purchase of any or all of the assets of the Company not subject to the GOB Sale (of any kind) (a "Non-GOB Sale"), (ii) execute and deliver an agreement providing for such Non-GOB Sale (the "Sale Agreement"), (iii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for the transactions contemplated thereby, (iv) if the Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other

relevant or applicable federal, state, local or non-U.S. law to sell such assets in a Non-GOB Sale, (v) organize and manage a sales process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, and (vi) enter into such additional agreement, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; and it is further

**General Resolutions**

**RESOLVED**, that the Manager, on behalf of the Company, as sole member of each of the other Debtors, authorizes each such other Debtor to commence cases under chapter 11 of the Bankruptcy, and that the Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered in the name of the Company, as sole member of each of the other Debtors, to execute and deliver such consents and take any actions or execute and delivery any documents in furtherance of this resolution; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by the Manager, the Restructuring Designee, or any Officer in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.


\* \* \* \* \*

This Written Consent shall be filed in the Minute Book of the Company and shall become a part of the records of the Company.

Date:  August _____, 2019


MANAGER:


ORNATUS URG MANAGEMENT, LLC


By: _____
Name:
Its:

WRITTEN CONSENT
OF THE
MANAGER OF
**ORNATUS URG REAL ESTATE, LLC**
**a Delaware limited liability company**

THE UNDERSIGNED, being the sole manager (the "<u>Manager</u>") of Ornatus URG Real Estate, LLC, a Delaware limited liability company (the "<u>Company</u>"), hereby consents to and adopts the following resolutions pursuant to the Amended and Restated Limited Liability Company Agreement of the Company, dated September 19, 2014, as amended (the "<u>LLC Agreement</u>"), as of the date set forth below:

> **WHEREAS**, the Manager has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions; and

> **WHEREAS**, the Manager has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

**NOW, THEREFORE, BE IT:**

<u>**Appointment of CRO**</u>

> **RESOLVED**, that Robert J. Duffy of Berkeley Research Group, LLC ("<u>BRG</u>") is hereby appointed as Chief Restructuring Officer of the Company; and it is further

<u>**Commencement and Prosecution of Bankruptcy Case**</u>

> **RESOLVED**, that, in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors, member and other interested parties, that a voluntary petition (the "<u>Petition</u>") be filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") by the Company commencing a case (the "<u>Bankruptcy Case</u>") under the provisions of the Bankruptcy Code; and it is further

> **RESOLVED**, that each officer of the Company (each, an "<u>Officer</u>" and collectively, the "<u>Officers</u>") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf

01:24991213.1

of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Bankruptcy Case; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## Retention of Professionals

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Officers be, and each of

01:24991213.1

them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

   **RESOLVED**, that BRG be, and hereby is, authorized, directed and empowered to serve as a financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of BRG; and it is further

   **RESOLVED**, that Configure Partners, LLC ("Configure") be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist the Company in connection with the sale of the Company's "E-Commerce Business" and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Configure; and it is further

   **RESOLVED**, that Prime Clerk LLC ("Prime Clerk") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

   **RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment

bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

**Postpetition Financing**

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it is further

**Sale**

      **RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to retain Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Consultant") to conduct "going out of business sales" solely at the Company's retail stores (the "GOB Sale"), if any, in connection with the commencement of the Bankruptcy Case and to provide consulting services relating thereto; and, in connection therewith, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute a consulting agreement with the Consultant and related ancillary documents to effectuate the aforementioned sale; and it is further

      **RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to (i) enter into negotiation with any interested parties regarding a purchase of any or all of the assets of the Company not subject to the GOB Sale (of any kind) (a "Non-GOB Sale"), (ii) execute and deliver an agreement providing for such Non-GOB Sale (the "Sale Agreement"), (iii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain  approval for the transactions contemplated thereby, (iv) if the Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local or non-U.S. law to sell such assets in a Non-GOB Sale, (v) organize and manage a sales process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, and (vi) enter into such additional agreement, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; and it is further

**General Resolutions**

      **RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

      **RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

\* \* \* \* \*

This Written Consent shall be filed in the Minute Book of the Company and shall become a part of the records of the Company.

Date:  August ____, 2019

MANAGER:

AVENUE STORES, LLC

By: _____
Name:
Its:

Agreed and accepted:

ORNATUS URG HOLDINGS, LLC, its sole member

By: _____
Name:
Its:

[SIGNATURE PAGE TO CONSENT OF MANAGER – ORNATUS URG REAL ESTATE, LLC]

WRITTEN CONSENT
OF THE
MANAGER OF
**ORNATUS URG GIFT CARDS, LLC**
**a Virginia limited liability company**

THE UNDERSIGNED, being the sole manager (the "Manager") of Ornatus URG Gift Cards, LLC, a Virginia limited liability company (the "Company"), hereby consents to and adopts the following resolutions pursuant to the Amended and Restated Limited Liability Company Agreement of the Company, dated September 19, 2014, as amended (the "LLC Agreement"), as of the date set forth below:

>   **WHEREAS**, the Manager has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions; and

>   **WHEREAS**, the Manager has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT:**

**Appointment of CRO**

>   **RESOLVED**, that Robert J. Duffy of Berkeley Research Group, LLC ("BRG") is hereby appointed as Chief Restructuring Officer of the Company; and it is further

**Commencement and Prosecution of Bankruptcy Case**

>   **RESOLVED**, that, in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors, member and other interested parties, that a voluntary petition (the "Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company commencing a case (the "Bankruptcy Case") under the provisions of the Bankruptcy Code; and it is further

>   **RESOLVED**, that each officer of the Company (each, an "Officer" and collectively, the "Officers") be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf

of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered on behalf of the Company, to execute, acknowledge, deliver and verify and file any and all petitions, schedules, statements of affairs, lists and other papers and to take any and all related actions that such Officers may deem necessary or proper in connection with the filing of the Petition and commencement of the Bankruptcy Case; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## <u>Retention of Professionals</u>

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>") be, and hereby is, authorized, directed and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Officers be, and each of

them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that BRG be, and hereby is, authorized, directed and empowered to serve as a financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of BRG; and it is further

**RESOLVED**, that Configure Partners, LLC ("Configure") be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist the Company in connection with the sale of the Company's "E-Commerce Business" and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Configure; and it is further

**RESOLVED**, that Prime Clerk LLC ("Prime Clerk") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment

bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

## Postpetition Financing

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, if any; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) (a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it is further

**Sale**

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to retain Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Consultant") to conduct "going out of business sales" solely at the Company's retail stores (the "GOB Sale"), if any, in connection with the commencement of the Bankruptcy Case and to provide consulting services relating thereto; and, in connection therewith, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute a consulting agreement with the Consultant and related ancillary documents to effectuate the aforementioned sale; and it is further

RESOLVED, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to (i) enter into negotiation with any interested parties regarding a purchase of any or all of the assets of the Company not subject to the GOB Sale (of any kind) (a "Non-GOB Sale"), (ii) execute and deliver an agreement providing for such Non-GOB Sale (the "Sale Agreement"), (iii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain  approval for the transactions contemplated thereby, (iv) if the Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local or non-U.S. law to sell such assets in a Non-GOB Sale, (v) organize and manage a sales process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, and (vi) enter into such additional agreement, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; and it is further

**General Resolutions**

RESOLVED, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and it is further

RESOLVED, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

\* \* \* \* \*

This Written Consent shall be filed in the Minute Book of the Company and shall become a part of the records of the Company.

Date:  August _____, 2019

MANAGER:

AVENUE STORES, LLC

By: _____
Name:
Its:

Agreed and accepted:

ORNATUS URG HOLDINGS, LLC, its sole member

By: _____
Name:
Its:

[SIGNATURE PAGE TO CONSENT OF MANAGER – ORNATUS URG GIFT CARDS, LLC]