IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVENUE STORES, LLC, *et al.*,[1] | Case No. 19-11842 (LSS) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. Nos. 4, 41 & 197 |

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM
DISCONTINUING, ALTERING, OR REFUSING SERVICE,
(II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE
ASSURANCE OF PAYMENT, (III) ESTABLISHING PROCEDURES
FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE,
AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of interim and final orders, pursuant to sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rule 6004, (i) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services on account of prepetition invoices, including the making of demands for security deposits or accelerated payment terms, (ii) determining that the Debtors have provided each of the Utility Companies with Adequate Assurance and (iii) establishing the Adequate Assurance Procedures; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b); and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Avenue Stores, LLC (0838); Ornatus URG Holdings, LLC (1146); Ornatus URG Real Estate, LLC (9565); and Ornatus URG Gift Cards, LLC (9203). The Debtors' headquarters are located at 365 West Passaic Street, Suite 230, Rochelle Park, New Jersey 07662.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:25142005.2

this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and this Court having previously entered that certain *Interim Order (i) Prohibiting Utility Companies from Discontinuing, Altering, or Refusing Service, (ii) Deeming Utility Companies to Have Adequate Assurance of Payment, (iii) Establishing Procedures for Resolving Requests for Additional Assurance, and (iv) Granting Related Relief* [D.I. 41] (the "Interim Order"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. This Final Order shall not apply to: (i) American Electric Power, (ii) Commonwealth Edison Company, (iii) Consolidated Edison Company of New York, Inc., (iv) Constellation NewEnergy, Inc., (v) Georgia Power Company, (vi) PECO Energy Company, (vii) The Potomac Electric Power Company, (viii) Delmarva Power & Light Company, (ix) Atlantic City Electric Company, (x) NStar Electric Company – Eastern Massachusetts, (xi) Salt River Project, (xii) San Diego Gas and Electric Company, (xiii) Virginia Electric and Power Company d/b/a Dominion Energy Virginia, (xiv) The Cleveland Electric Illuminating Company, (xv) Ohio Edison Company, (xvi) Toledo Edison Company, (xvii) Jersey Central Power & Light Company, (xviii) Boston Gas Company, (xix) KeySpan Energy Delivery Long Island,

(xx) KeySpan Energy Delivery New York, (xxi) Massachusetts Electric Company, (xxii) Narragansett Electric Company, and (xxiii) Niagara Mohawk Power Corporation.

3. The Debtors shall serve a copy of the Motion and this Final Order on each Utility Company listed on the Utility Services List no later than two business days after the date this Final Order is entered.

4. To the extent not already done, Debtors are authorized to cause the Utility Deposit to be held in a segregated account during the pendency of these Chapter 11 Cases, subject to the Adequate Assurance Procedures.

5. The Utility Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code, subject to the rights of the Utility Companies' right to object hereto in accordance with the Adequate Assurance Procedures.

6. All Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Adequate Assurance.

7. The following Adequate Assurance Procedures are hereby approved:

    i. Any Utility Company that objects to the Adequate Assurance must serve an Adequate Assurance Request on the (i) the Debtors, 365 West Passaic Street, Suite 230, Rochelle Park, New Jersey 07662, Attn: Pamela Sietsma (psietsma@avenue.com); (ii) proposed counsel to the Debtors, Young Conaway Stargatt & Taylor, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Betsy L. Feldman, Esq. (bfeldman@ycst.com); (iii) counsel to PNC Bank, National Association ("PNC"), Blank Rome, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon, Esq. (kelbon@blankrome.com); and (iv) proposed counsel to the Official Committee of Unsecured Creditors, Cooley LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Jay R. Indyke, Esq. (email: jindyke@cooley.com)) and 1299 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004 (Attn: Cullen Drescher Speckhart, Esq. (email: cspeckhart@cooley.com)) (collectively, the "Notice Parties").

    ii.    Any Adequate Assurance Request must be served on the Notice Parties and must: (a) be made in writing; (b) identify the location for which Utility Services are provided; and (c) explain why the Utility Company believes the Adequate Assurance is not sufficient adequate assurance of future payment.

    iii.    Upon the Debtors' receipt of any Adequate Assurance Request, the Debtors shall promptly negotiate with the requesting Utility Company to resolve its Adequate Assurance Request.

    iv.    The Debtors are authorized to resolve, in their sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of this Court and, in connection with any such agreement, in their sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, prepayments, or other forms of security, without further order of this Court, if the Debtors believe such alternative assurance is reasonable.

    v.    If the Debtors determine that a timely received Adequate Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Company, the Debtors shall, upon reasonable notice, calendar the matter for the next regularly scheduled omnibus hearing before the Court to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code (the "<u>Determination Hearing</u>"). Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance.

    vi.    Upon the closure of one of the Debtors' locations and the discontinuance of the Utility Services associated therewith, or the termination of Utility Services independent thereof, the Debtors may, in their discretion and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services and (ii) the amount of the Utility Deposit then attributable to the applicable Utility Company; *provided* that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall have paid such Utility Company in full for any outstanding post-petition Utility Services before reducing the Utility Deposit.

8.    The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

9. All Utility Companies that do not serve an Adequate Assurance Request shall be: (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (ii) prohibited from discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Adequate Assurance.

10. The Debtors are authorized, in their sole discretion, to add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Utility Deposit an amount equal to 50% of the Debtors' estimated monthly cost of utility service for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility Services List, the Debtors will serve a copy of this Final Order, including the Adequate Assurance Procedures, on such subsequently-added Utility Company and PNC, and augment the Utility Deposit with an amount equal to 50% of the Debtors' estimated monthly cost for such added Utility Company within 20 days of its addition. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures, provided that any subsequently-added Utility Company must serve, on the Notice Parties, any Adequate Assurance Request. The Debtors shall have authority to reduce the Utility Deposit to reflect terminated utility service upon either (a) obtaining the affected Utility Company's consent to reduce the Utility Deposit or (b) providing such affected Utility Company and PNC with twenty-one days' notice of their intent to reduce the Utility Deposit and receiving no response thereto.

11. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

12. Nothing contained in the Motion, the Interim Order, or this Final Order, nor the Debtors' service of the Motion upon the Utility Services List, shall constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors' rights and defenses with respect thereto are fully reserved.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

14. Any lien or other interest held by PNC or the Pre-Petition Subordinated Lender in any funds deposited in the account holding the Utility Deposit shall be subordinate to the Utility Companies' respective interests in such funds, until such time as any such funds are returned to the Debtors in accordance with this Order or as otherwise ordered by this Court.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Final Order shall be effective immediately and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Final Order; and (iii) the Debtors are authorized and empowered, and may in their

discretion and without further delay, take any action necessary or appropriate to implement this Final Order.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

17. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: September 13th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**