# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVENUE STORES, LLC, *et al.*,[1] | Case No. 19-11842 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 53** |

**ORDER (I) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF THE DEBTORS' E-COMMERCE BUSINESS ASSETS; (II) SCHEDULING AN AUCTION FOR AND HEARING TO APPROVE SALE OF E-COMMERCE BUSINESS ASSETS; (III) APPROVING NOTICE OF RESPECTIVE DATE, TIME AND PLACE FOR AUCTION AND FOR HEARING ON APPROVAL OF SALE; (IV) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (VI) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6003, 6004, 6006, 9007, 9008 and 9014 and Del. Bankr. L.R. 2002-1, 6004-1 and 9006-1, for Entry of (A) an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtors' E-Commerce Business Assets; (II) Scheduling an Auction for and Hearing to Approve Sale of E-Commerce Business Assets; (III) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale; (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (V) Approving Form and Manner of Notice Thereof; and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests; and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Avenue Stores, LLC (0838); Ornatus URG Holdings, LLC (1146); Ornatus URG Real Estate, LLC (9565); and Ornatus URG Gift Cards, LLC (9203). The Debtors' headquarters are located at 365 West Passaic Street, Suite 230, Rochelle Park, New Jersey 07662.

*and (III) Related Relief* (the "Motion")² for entry of an order authorizing or approving, among other things, (a) the bid procedures (in the form attached hereto as Exhibit 1, the "Bid Procedures") in connection with the sale or disposition (the "Sale") of the E-Commerce Business Assets, (b) the notice of the Auction and Sale and hearing thereon (in the form attached hereto as Exhibit 2, the "Notice of Auction and Sale Hearing"), (c) the procedures (the "Assignment Procedures"), as set forth below, for the assumption and assignment of certain of the Debtors' executory contracts or unexpired leases, as applicable (the "Contracts"), and (d) the notice of the potential assumption and assignment of the Contracts (in the form attached hereto as Exhibit 3, the "Potential Assumption and Assignment Notice"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given except as set forth herein with respect to the Auction, the Sale Hearing and the potential assumption and assignment of the Contracts; and a reasonable opportunity to object to or be heard regarding the relief provided herein has been afforded to parties-in-interest pursuant to Bankruptcy Rule 6004(a); and this Court having considered the First Day Declaration; and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found that the

---

² Capitalized terms used but not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

01:24875393.7

2

relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.  The Bid Procedures attached hereto as <u>Exhibit 1</u>, are fair, reasonable and appropriate, and are designed to maximize the value to be achieved from the Sale.

B.  The Bid Procedures comply with the requirements of Local Rule 6004-1(c).

C.  The Assignment Procedures provided for herein are fair, reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code.

D.  The Debtors have articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures, including the scheduling of bid deadlines, auction and sale hearing with respect to the proposed Sale; and (ii) the establishment of procedures to assume and assign the Contracts and fix the Cure Costs (as defined below) to be paid pursuant to section 365 of the Bankruptcy Code.

E.  The Notice of Auction and Sale Hearing, and the Debtors' proposed publication of the Notice of Auction and Sale Hearing, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, the Bid Procedures and the Assignment Procedures to be employed in connection therewith, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bid Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale and the date, time

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

01:24875393.7

and place of the Sale Hearing; (iv) reasonably specific identification of the E-Commerce Business Assets; and (v) representations describing the Sale as being free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the proceeds of the Sale and solely to the extent any such proceeds exist after payment in full of the ABL Obligations (as defined in the order approving the Debtors' post-petition financing (the "DIP Order"); and no other or further notice of the Sale shall be required.

F.  The Potential Assumption and Assignment Notice is appropriate and reasonably calculated to provide each non-debtor party to any Contracts (such parties, collectively, the "Non-Debtor Counterparties") with proper notice of the Assignment Procedures. The inclusion of any Contract on a Potential Assumption and Assignment Notice does not constitute an admission that a particular Contract is an executory contract or unexpired lease of property or require or guarantee that such Contracts will be assumed and assigned and all rights of the Debtors with respect thereto are reserved.

G.  No further notice beyond that described in the foregoing paragraphs is required in connection with the Sale.

H.  The entry of this order (this "Bid Procedures Order") is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or the relief provided herein, as they pertain to the entry of this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

01:24875393.7

4

**The Bid Procedures**

3.  The Bid Procedures are incorporated herein and approved, and shall apply with respect to the Sale. The Debtors are authorized to take all actions reasonable and necessary or appropriate to implement the Bid Procedures.

4.  The Debtors are authorized to conduct the Bidding Process (as defined in the Bid Procedures) in accordance with the Bid Procedures, the terms of the DIP Credit Agreement, the DIP Order, and the terms hereof, and without the necessity of complying with any state or local bulk transfer laws or requirements applicable to the Debtors.

5.  Potential Bidders or Qualified Bidders (other than any Stalking Horse Bidder), shall not be allowed any break-up, termination or similar fee with respect to the E-Commerce Business Assets. Moreover, all Potential Bidders, Qualified Bidders, and any Stalking Horse Bidder (excluding any Bid Protections (as defined in the Bid Procedures) approved by this Court) waive any right to seek a claim for substantial contribution pursuant to section 503 of the Bankruptcy Code, or the payment of any broker fees or costs, unless specifically agreed to by the Debtors upon consultation with the Consultation Parties.

**Assignment Procedures**

6.  The following Assignment Procedures shall govern the assumption and assignment of the Contracts in connection with the Sale, and any objections related thereto:

    a.  On or before September 16, 2019, the Debtors shall file with this Court and serve on each Non-Debtor Counterparty to each of the Contracts the Potential Assumption and Assignment Notice. In the event that the Debtors identify any Non-Debtor Counterparties which were not served with the Potential Assumption and Assignment Notice, the Debtors may subsequently serve such Non-Debtor Counterparty with a Potential Assumption and Assignment Notice, and the following procedures will nevertheless apply to such Non-Debtor Counterparty; provided, however, that the Cure Cost/Assignment Objection Deadline (defined below) with respect to such Non-Debtor Counterparty shall be 4:00 p.m. (prevailing Eastern Time) on the date that is the later of September 30, 2019 or

seven (7) days following service of the Potential Assumption and Assignment Notice.

b. The Potential Assumption and Assignment Notice served on each Non-Debtor Counterparty shall (i) identify each Contract; (ii) list the proposed calculation of the cure amounts that the Debtors believe must be paid to cure all defaults outstanding under the Contract as of such date (the "Cure Costs"); (iii) include a statement that assumption and assignment of such Contract is not required or guaranteed; and (iv) inform such Non-Debtor Counterparty of the requirement to file any Cure Cost/Assignment Objections (defined below) by the Cure Cost/Assignment Objection Deadline (defined below). Service of a Potential Assumption and Assignment Notice does not constitute an admission that a particular Contract is an executory contract or unexpired lease of property, or confirm that the Debtors are required to assume and/or assign such Contract.

c. Objections (a "Cure Cost/Assignment Objection"), if any, to (i) the scheduled Cure Costs, and/or (ii) the proposed assumption, assignment and/or transfer of such Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of a Successful Bidder, must (x) be in writing; (y) state with specificity the nature of such objection, including the amount of Cure Costs in dispute and (z) be filed with this Court and properly served on the Notice Parties (as defined below) so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on September 30, 2019 (the "Cure Cost/Assignment Objection Deadline"), subject to the proviso in subparagraph (a) above.

d. Objections (a "Post-Auction Objection") of any Non-Debtor Counterparty related solely to the identity of and adequate assurance of future performance provided by the Successful Bidder may be raised either (i) at the Sale Hearing or (ii) shall: (a) be in writing; (b) state with specificity the nature of such objection, and (c) be filed with the Bankruptcy Court and properly served on the Notice Parties (as defined below) so as to be received on or before 2:00 p.m. (prevailing Eastern Time) on October 7, 2019 (the "Post-Auction Objection Deadline"), subject to the proviso in subparagraph (a) above; provided, however, that in the event that the Debtors obtain a Stalking Horse Bid and provide notice of the identity of the Stalking Horse Bidder in the Potential Assumption and Assignment Notice, any objection of a Non-Debtor Counterparty related to Stalking Horse Bid (including with respect to the identity of and adequate assurance of future performance provided by) the Stalking Horse Bidder must be filed as a Cure Cost/Assignment Objection by the Cure Cost/Assignment Objection Deadline.

e. Any Non-Debtor Counterparty to a Contract who fails to timely file and properly serve a Cure Cost/Assignment Objection or Post-Auction Objection as provided herein will (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to such Contract in the event it is assumed and/or assigned by the Debtors and the Debtors shall be entitled to rely solely upon the Cure Costs, and (ii) be deemed to have consented

01:24875393.7

6

to the assumption, assignment and/or transfer of such Contract (including the transfer of any related rights and benefits thereunder) to the relevant Successful Bidder and shall be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Contract, or that any related right or benefit under such Contract cannot or will not be available to the relevant Successful Bidder. If a Cure Cost/Assignment Objection is timely filed and properly served, the Resolution Procedures (as defined below) will apply.

f. If a Non-Debtor Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of these Assignment Procedures, the Debtors and the Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention (the "Resolution Procedures"). If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, this Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following Paragraph.

g. Consideration of unresolved Cure Cost/Assignment Objections and Post-Auction Objections relating to all Contracts, if any, will be held at the Sale Hearing, provided, however, that (i) any Contract that is the subject of a Cure Cost/Assignment Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection (ii) the Debtors, in consultation with the Consultation Parties and the parties to any Contract that is subject to a Cure Cost/Assignment objection, may adjourn a Cure Cost/Assignment objection, and (iii) the Debtors shall pay any undisputed Cure Cost on or before the Closing Date, and shall appropriately reserve funding for the disputed portion of the Cure Costs.

h. A timely filed and properly served Cure Cost/Assignment Objection or Post-Auction Objection will reserve the filing Non-Debtor Counterparty's rights relating to the Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

i. The Debtors' assumption and/or assignment of a Contract is subject to approval by this Court and consummation of the Sale. Absent consummation of the Sale and entry of a Sale Order approving the assumption and/or assignment of the Contracts (with such Contracts being listed as an exhibit to the Sale Order), the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

j. The Debtors' decision to assume and assign the Contracts to the relevant Successful Bidder is subject to this Court's approval and the closing of the Sale. Accordingly, absent this Court's approval and the closing of the Sale, the Contracts shall not be deemed assumed or assumed and assigned, and shall in all

respects be subject to further administration by the Debtors and their estates under the Bankruptcy Code in connection with these Chapter 11 Cases.

**Notice Procedures**

7. Service and publication of the Notice of Auction and Sale Hearing are sufficient to provide effective notice to all interested parties of, *inter alia*, the Bid Procedures, the Auction, the Sale Hearing, the Sale and the Assignment Procedures in accordance with Bankruptcy Rules 2002 and 6004, as applicable, and are approved.

8. On or before two (2) business days after entry of this Order, the Debtors will cause the Notice of Auction and Sale Hearing to be sent by first-class mail postage prepaid, to the following: (a) Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801, Attn: Linda Casey, Esq. (linda.casey@usdoj.gov); (b) proposed counsel to the Official Committee of Unsecured Creditors, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Jay R. Indyke, Esq. (jindyke@cooley.com) and 1299 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004, Attn: Cullen Drescher Speckhart, Esq. (cspeckhart@cooley.com); (c) counsel to the DIP Administrative Agent and the Prepetition ABL Administrative Agent, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon, Esq. (kelbon@blankrome.com); (d) counsel to the Pre-Petition Subordinated Lender, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam Landis (landis@lrclaw.com); (e) all persons known or reasonably believed to have asserted an interest in the E-Commerce Business Assets; (f) the Non-Debtor Counterparties to the Contracts; (g) the Attorneys General in the State(s) where the E-Commerce Business Assets are located; (h) all state and local taxing authorities in the State(s) where the Assets are located; (i) the Internal Revenue Service; (j) all parties that have asserted

8

liens against the Assets; and (k) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

9. In addition to the foregoing, on or before five (5) business days after entry of the Bid Procedures Order, the Debtors shall, subject to applicable submission deadlines, publish the Notice of Auction and Sale Hearing once in the national edition of *The New York Times*, and post the Notice of Auction and Sale Hearing and the Bid Procedures Order on the website of the Debtors' claims and noticing agent, Prime Clerk LLC.

10. As soon as reasonably practicable following conclusion of the Auction, the Debtors shall file a notice on this Court's docket identifying the Successful Bidder(s) for the E-Commerce Business Assets and any applicable Next-Highest Bidder(s).

11. The Potential Assumption and Assignment Notice, and the other Assignment Procedures set forth herein, are sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to the Non-Debtor Counterparties to the Contracts of the Debtors' intent to potentially assume and assign some or all of the Contracts and are approved.

### Auction and Sale Hearing

12. **Letter of Intent Deadline**. As further described in the Motion, the deadline by which the Debtors shall receive a letter of intent for the E-Commerce Business Assets in form, substance, and on terms and conditions reasonably acceptable to the DIP Administrative Agent is September 14, 2019 at 11:59 p.m. prevailing Eastern Time (the "Letter of Intent Deadline"). In the event that the Debtors do not obtain a Letter of Intent reasonably acceptable to the DIP Administrative Agent by the Letter of Intent Deadline, unless extended upon the consent of the DIP Administrative Agent, the Debtors' e-commerce inventory shall be deemed sold on the terms set forth in the Agency Agreement, subject to Court approval.

13. **Stalking Horse Bid Deadline**. As further described in the Motion, the deadline by which all Stalking Horse Bids must be actually received by the Debtors, in form, substance, and on terms and conditions reasonably acceptable to the DIP Administrative Agent is September 27, 2019 at 11:59 p.m. prevailing Eastern Time (the "Stalking Horse Bid Deadline"). In the event that the Debtors do not obtain a Stalking Horse Bid reasonably acceptable to the DIP Administrative Agent by the Stalking Horse Bid Deadline, unless extended upon the consent of the DIP Administrative Agent, the Debtors' e-commerce inventory shall be deemed sold on the terms set forth in the Agency Agreement, subject to Court approval.

14. **Bid Deadline**. As further described in the Bid Procedures, in the event that the Stalking Horse Bid Deadline is met and the Debtors obtain a binding Stalking Horse Bid by such deadline, the deadline for submitting bids for the E-Commerce Business Assets (the "Bid Deadline") shall be 5:00 p.m. (ET) on October 1, 2019. No bid shall be deemed to be a Qualified Bid unless such bid meets the requirements set forth in the Bid Procedures or is otherwise accepted by the Debtors upon consent of the DIP Administrative Agent, which consent shall not be unreasonably withheld.

15. **Auction**. The Debtors may sell the E-Commerce Business Assets by conducting an Auction in accordance with the Bid Procedures and the terms of the DIP Credit Agreement. If at least two Qualified Bids (or one Qualified Bid if there is also a Stalking Horse Bid) are received by the Bid Deadline with regard to the E-Commerce Business Assets, the Debtors will conduct an Auction in accordance with the Bid Procedures, which Auction shall take place on October 3, 2019 at 10:00 a.m. (prevailing Eastern Time) at the offices of counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, or such later time or such other place as the Debtors shall designate. In the

event and upon consent of the DIP Administrative Agent, which consent shall not be unreasonably withheld, the Debtors designate a later time or place for the Auction, they shall (i) notify all Qualified Bidders (as defined in the Bid Procedures) who have submitted Qualified Bids, (ii) file notice of such change with this Court, and (iii) update, or shall cause the Debtors' claims and noticing agent to update, the website of the Debtors' claims and noticing agent to indicate the later time or place for the Auction. If the Debtors (i) do not receive a Stalking Horse Bid or (ii) only receive only a Stalking Horse Bid with regard to the E-Commerce Business Assets, (a) the Debtors shall not hold an Auction with respect thereto; (b) the Stalking Horse Bid, as applicable, may be named the Successful Bid with respect to the E-Commerce Business Assets; and (c) the Stalking Horse Bidder, as applicable, may be named the Successful Bidder with respect thereto.

16. Each Qualified Bidder participating in the Auction will be required to confirm, in writing, that (a) it has not engaged in any collusion with respect to the Bidding Process or on the record at the Auction, (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder, and (c) the Potential Bidder agrees to serve as a backup bidder if the Potential Bidder's Qualified Bid is the next highest and best bid after the Successful Bid with respect to the E-Commerce Business Assets.

17. **Notice for Non-Debtor Counterparties**. The Debtors shall provide, to any Non-Debtor Counterparty that is implicated by any Stalking Horse Bid or any Qualified Bid (a) the identity of the Stalking Horse Bidder or Qualified Bidder, and (b) adequate assurance information from the Stalking Horse Bidder or Qualified Bidder. The Debtors shall provide, or shall cause their counsel and/or the claims and noticing agent to provide, such information to any such affected Non-Debtor Counterparty within twenty-four (24) hours of receipt of such bid;

provided, however, that each Non-Debtor Counterparty receiving adequate assurance information shall keep such adequate assurance information confidential, and shall be restricted from using or disclosing such information to any third party other than in connection with a Cure Cost/Assignment Objection, and in the event such counterparty files any such Cure Cost/Assignment Objection, it shall be permitted to file any portion of such pleading containing any Adequate Assurance Information under seal without any further order of this Court; provided further, however, that all parties' rights are reserved to object to the sealing of Adequate Assurance Information, as applicable.

18. **Sale Hearing**. The Sale Hearing shall be held before this Court on October 7, 2019 at 2:00 p.m. (prevailing Eastern Time) before the Honorable Judge Laurie Selber Silverstein, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801. The Debtors shall file a form of Sale Order in form and substance reasonably acceptable to the DIP Agent and in accordance with the term of the DIP Credit Agreement no later than 14 days before the Sale Hearing. At the Sale Hearing, the Debtors will seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s). The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Debtors from time to time without further notice other than by announcement in open court, on this Court's calendar or through the filing of a notice or other document on this Court's docket.

19. **Sale Objection Deadline**. The deadline to object to the relief requested in the Motion, including entry of the proposed Sale Order (a "Sale Objection") is September 30, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline"). A Sale Objection must

be filed with this Court and served in the manner set forth below so *actually received* no later than the Sale Objection Deadline.

20. **Post-Auction Objection Deadline**. A Post-Auction Objection may be either (i) raised at the Sale Hearing or (ii) filed with this Court and served in the manner set forth below so as to be *actually received* no later than the Post-Auction Objection Deadline.

### Objection Procedures

21. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale shall file a formal written objection that complies with the objection procedures as set forth herein and in the Motion, as applicable.

22. Objections, if any, must be: (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with this Court; and (vi) served on the following parties (the "Notice Parties"): (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady, Esq. (rbrady@ycst.com), Andrew L. Magaziner, Esq. (amagaziner@ycst.com) and Ashley E. Jacobs, Esq. (ajacobs@ycst.com); (b) proposed counsel to the Official Committee of Unsecured Creditors, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Jay R. Indyke, Esq. (jindyke@cooley.com) and 1299 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004, Attn: Cullen Drescher Speckhart, Esq. (cspeckhart@cooley.com); (c) Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801, Attn: Linda Casey, Esq. (linda.casey@usdoj.com); counsel to the DIP Administrative Agent and the Prepetition ABL Administrative Agent, Blank Rome LLP, 1201 Market Street, Suite 800,

Wilmington, Delaware 19801, Attn: Regina Stango Kelbon, Esq. (kelbon@blankrome.com); (d) counsel to the Pre-Petition Subordinated Lender, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam Landis, Esq. (landis@lrclaw.com).

23.    Failure to file a Sale Objection on or before the Sale Objection Deadline (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale with a Successful Bidder, and (b) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

## Other Relief Granted

24.    Absent an Order of this Court to the contrary, this Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtors' bankruptcy cases or upon a conversion to chapter 7 under the Bankruptcy Code.

25.    Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease.

26.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, the stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective immediately and enforceable upon its entry.

27.    In the event of any conflict between this Order and the Bid Procedures, this Order shall govern in all respects.

28.    The requirements set forth in Local Rules 6004-1, 9006-1, and 9013-1 are hereby satisfied or waived.

01:24875393.7

29. This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order.

SO ORDERED this 13th day of September, 2019

*/s/ Laurie Selber Silverstein*
Laurie Selber Silverstein
United States Bankruptcy Judge