**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AVENUE STORES, LLC, *et al.*, | Case No. 19-11842 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: October 17, 2019 at 4:00 p.m.**<br>**Hearing Date:  November 13, 2019 at 2:00 p.m.** |

**MOTION OF RD DAYTON, LLC FOR RELIEF**
**FROM THE AUTOMATIC STAY**

RD DAYTON, LLC ("Landlord") submits this Motion (the "Motion") for entry of an Order pursuant to 11 U.S.C. §§ 362(d)(1) granting Landlord relief from the automatic stay to use certain reserve funds deposited with Landlord's mortgage lender to fulfill the lease obligation of Debtor Avenue Stores, LLC ("Tenant") to replace the roof at the premises Tenant formerly leased from Landlord, which lease has been rejected and premises abandoned by Tenant in these Chapter 11 cases. In support of the Motion, Landlord respectfully submits as follows:

**PRELIMINARY STATEMENT**

Landlord, as successor in interest to Rosdev Development, Inc., is the owner of certain real estate known as 1501 Experiment Farm Road, Troy, Ohio ("Premises") by virtue of a sale leaseback transaction among Debtor Ornatus URG Real Estate, LLC ("Seller"), Landlord and Tenant, whereby Landlord purchased the Premises from Seller and leased it to Tenant. Pursuant to the terms of that sale leaseback transaction, $1.2 million was held back from the purchase price and placed on deposit with Landlord's mortgage lender (the "Roof Replacement Fund") for the purpose of funding the cost of replacement of the roof on the Premises, which work was to be completed by Tenant. Copies of the Agreement of Sale dated October 11, 2018 (as amended)

(the "Sale Agreement") and the Lease Agreement dated December 21, 2018 (the "Lease") are attached hereto as **Exhibits 1** and **2**, respectively. Under its Loan Agreement with its mortgage lender, Landlord was required to, and did, deposit with the mortgage lender the Roof Replacement Fund to be held in a reserve account and disbursed as and when the roof on the Premises is replaced. A copy of the Loan Agreement between Landlord and JP Morgan Chase Bank dated December 21, 2018 (the "Loan Agreement"), is attached hereto as **Exhibit 3**.

Tenant has since surrendered possession of the Premises and formally rejected the Lease—but without having completed the roof replacement work that it was required to perform under the Lease. Under these facts, to the extent the automatic stay even applies, there is simply no reason to prevent Landlord from using the Roof Replacement Fund to complete the roof replacement at the Premises. Cause exists under Section 362(d)(1) of the Bankruptcy Code to grant Landlord relief from the automatic stay.

## BACKGROUND

1. Prior to the filing of these Chapter 11 cases, Seller, Landlord and Tenant entered into a sale leaseback transaction in 2018 by which Seller sold the Premises to Landlord and then Landlord leased the Premises back to Tenant. (Sale Agr., §§ 2(c), 31; Lease, *generally*.)

2. Under the Sale Agreement, Seller agreed that the Roof Replacement Fund would be held back from the sale purchase price to fund the replacement of the roof on the Premises (the "Roof Work"). (Sale Agr., § 30.)

3. As a contingency to the sale of the Premises, the parties agreed that they would negotiate and enter into an agreement providing for Tenant to undertake the responsibility to complete the Roof Work and the advancement of the Roof Replacement Fund for that purpose. (Sale Agr., §§ 30, 32.)

4. That agreement is set forth in Section 26.24 of the Lease, which required Tenant to perform the Roof Work and provided that Landlord would make disbursements from the Roof Replacement Fund to Tenant, which had been deposited as a reserve fund with Landlord's mortgage lender, to carry out the Roof Work in accordance with the specifications attached as Exhibit "F" to the Lease.

5. Tenant never completed the Roof Work in accordance with the Lease.

6. On July 31, 2019, Tenant gave Landlord notice of its surrender of possession of the Premises together with any interest that Tenant may have in the Lease, and to abandon all personal property remaining located on the Premises, a copy of which is attached hereto as **Exhibit 4**.

7. The Debtors filed their Chapter 11 voluntary petitions on August 16, 2019.

8. On September 13, 2019, the Court entered an Order authorizing Debtors to reject the Lease [D.I. 206].

9. The Roof Replacement Fund remains on deposit with Landlord's mortgagee and the Roof Work has not been started.

**RELIEF REQUESTED**

10. Landlord contends that the automatic stay does not apply to the Roof Replacement Fund. Seller agreed that the Roof Replacement Fund would be deducted from the Purchase Price for the Premises, and thus has no interest in those funds. Tenant, on the other hand, has forfeited any interest that it might have had in the Roof Replacement Fund by its abdication of its responsibility to replace the Roof and by its express surrender on July 31, 2019, of "any interest" that it had in the Lease.

11. Nonetheless, Landlord brings this Motion to request that, to the extent the automatic stay even applies, the Court enter an order pursuant to Section 362(d)(1) of the Bankruptcy Code granting Landlord relief from the automatic stay to allow Landlord to use the Roof Replacement Fund to complete the Roof Work at the Premises.

**BASIS FOR RELIEF**

12. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that a creditor may obtain relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

13. Section 362(d)(1) does not define "cause," leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case. *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

14. On balance, the potential hardships facing the parties is stark. Neither Debtor retains any interest in the Roof Replacement Fund under either the Sale Agreement or the Lease. Therefore, neither the Debtors nor their Estates will suffer prejudice by virtue of allowing Landlord to use the Roof Replacement Fund to complete the Roof Work that Tenant has abandoned entirely – the exact work for which the Roof Replacement Fund was established.

15. On the contrary, Landlord will indeed suffer prejudice as it purchased the Premises from Seller and leased the same to Tenant contingent upon the use of the Roof Replacement Fund for the Roof Work at the Premises. Not allowing Landlord to use the Roof Replacement Fund would deprive Landlord the benefit of its bargain, despite the clear agreement between Seller, Tenant and Landlord with respect to the use of the Roof Replacement Fund.

16. Moreover, the inability to access the Roof Replacement Fund has put the value of the Premises in jeopardy to the prejudice of Landlord and its mortgage lender—all while Tenant has completely abandoned the Premises and its obligations to complete the Roof Work. The importance of the Roof Work is evidenced by the fact that the failure to complete the Roof Work by December 10, 2020 is an Event of Default under the terms of the Loan Agreement. (Loan Agr. § 7.7.1, Sch. II.)

17. There is no dispute between the parties that the Premises is in need of the Roof Work. There likewise can be no dispute that the Roof Replacement Fund cannot be used for anything other than completion of the Roof Work, and there is no purpose served in these Chapter 11 cases by not allowing Landlord to use the Roof Replacement Fund for the Roof Work.

18. Accordingly, based upon the totality of the circumstances, to the extent the automatic stay even applies, cause exists under Section 362(d)(1) of the Bankruptcy Code entitling Landlord to use the Roof Replacement Fund to complete the Roof Work at the Premises.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Landlord respectfully requests that the Court enter an order pursuant to 11 U.S.C. § 362(d)(1) granting Landlord relief from the automatic stay to allow Landlord to use the Roof Replacement Fund to complete the Roof work at the Premises, and granting Landlord such other relief as the Court deems just and equitable.

<table>
<tr><td>Dated: September 27, 2019</td><td>**MORRIS JAMES LLP**<br><br>*/s/ Carl N. Kunz, III*<br>Carl N. Kunz, III (DE Bar No. 3201)<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE 19899-2306<br>Telephone: (302) 888-6811<br>Facsimile: (302) 571-1750<br>Email: ckunz@morrisjames.com<br><br>and<br><br>**KEATING MUETHING & KLEKAMP PLL**<br>Robert G. Sanker (Ohio Bar No. 0039040)<br>Joseph E. Lehnert (Ohio Bar No 0089492)<br>One East Fourth Street, Suite 1400<br>Cincinnati, Ohio 45202<br>Telephone: (513) 639-3929<br>Facsimile: (513) 579-6457<br>Email: rsanker@kmklaw.com<br>Email: jlehnert@kmklaw.com<br><br>*Attorneys for RD Dayton, LLC*</td></tr>
</table>

11257998/1