# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AS WIND DOWN, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 19-11842 (LSS) <br> (Jointly Administered) <br><br> **Hearing Date: 3/5/20 @ 10:00 a.m. (ET)** <br> **Objection Deadline: 2/27/20 @ 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE AUTHORIZING EXAMINATION OF AND THE PRODUCTION OF DOCUMENTS BY VERSA PARTIES PURSUANT TO BANKRUPTCY RULES 2004 AND 9016**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors"), by and through his undersigned counsel, hereby moves this Court for entry of an order pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the examination of and production of documents by Versa Capital Management, LLC and its affiliated entities, including, but not limited to, Ornatus URG Funding, LLC (collectively, the "Versa Parties") with respect to the matters set forth herein (the "Rule 2004 Motion"). In support of this Rule 2004 Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGH Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).

## PRELIMINARY STATEMENT[2]

1.  As the Court is well aware, prior to conversion, the Debtors' chapter 11 cases were rife with contention between the Committee on the one hand the Versa Parties on the other hand. The Versa Parties ultimately supported conversion of these cases to chapter 7 and welcomed the appointment of an independent fiduciary to administer the estates and investigate potential claims and causes of action (*See* Dkt. No. 469). The Trustee, since his appointment, has been diligently performing an investigation consistent with his charge. To that end, given the looming challenge deadline and the Versa Parties' insistence on a two-step process, the Trustee's investigation to date has focused on potential claims and causes of action against one Versa Party, Ornatus URG Funding, LLC ("Ornatus Funding"), the Debtors' pre-petition subordinated lender.

2.  The Trustee has attempted to conduct his investigation into Ornatus Funding, without the need for Court interaction. Unfortunately, however, the Trustee's informal attempts have been unsuccessful. The Trustee and his professionals analyzed the documents initially provided by the Committee and Pre-Petition Subordinated Lender in connection with the Committee's investigation of claims against Ornatus Funding. After a review of the documents initially provided, the Trustee and his professionals determined that those documents were insufficient to allow the Trustee to complete his investigation into recharacterization and other similar claims.

3.  As a result, the Trustee sent counsel to the Versa Parties an informal request for additional documents, communications and information (the "Informal Discovery Requests").[3]

---

[2] Capitalized terms not otherwise defined in this section shall have the meanings ascribed to them in subsequent sections of this Rule 2004 Motion.

[3] A true and correct copy of the Informal Discovery Requests is attached hereto as **Exhibit A.** Notably, the Trustee has been requesting the documents responsive to category 14 since shortly after the cases converted in November. Despite repeated promises from counsel that they would comply with the request, the Trustee has yet to receive the letter(s) at issue.

The Informal Discovery Requests consisted of fourteen categories of documents, communications and/or information. The Informal Discovery Requests also sought an interview with a representative of the Versa Parties with respect to certain information categories. In response, counsel to the Versa Parties produced thirteen total documents, mainly consisting of audits, spreadsheets and loan agreements (some of which had already been provided to the Trustee). Importantly, despite a clear request by the Trustee, the Versa Parties produced absolutely no communications. Nor did the Versa Parties make a representative available for interview. The Trustee and his counsel have reviewed the Versa Parties' production in response to the Informal Discovery Requests and have determined that it is severely deficient. Accordingly, this Rule 2004 Motion is necessary to permit the Trustee to complete his investigation into potential estate claims and causes of action against Ornatus Funding.

4.   Specifically, the Trustee is seeking an order directing: (a) a corporate representative of Ornatus Funding to attend and testify at a deposition requested by the Trustee on issues identified in this Rule 2004 Motion as **Exhibit B** (the "Deposition Topics"); and (b) the Versa Parties to produce documents, communications, and other materials responsive to the requests attached hereto as **Exhibit C** (the "Document Requests").

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over the Rule 2004 Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court as to the Rule 2004 Motion pursuant to 28 U.S.C. §§ 1408 and 1409.

6.   The statutory predicates for the relief requested herein are Bankruptcy Rules 2004 and 9016, Local Rule 2004-1, and Fed. R. Civ. P. 30(b)(6).

**BACKGROUND**

A.     **The Prepetition Relationship between the Debtors and the Versa Parties**

7.     In February of 2012, the Debtors' predecessor, United Retail Group, filed for bankruptcy in the Southern District of New York (the "Prior Bankruptcy"). In connection with the Prior Bankruptcy, United Retail Group was sold as a going concern to Ornatus URG Holdings, LLC ("Ornatus Holdings"), an affiliate of Versa Capital Management, LLC ("Versa").

8.     Ornatus Holdings, one of the Debtors, wholly owns each of the other Debtors. Other affiliates of Versa own over 99% of the equity in Ornatus Holdings. *See Declaration of David Rhoads in Support of Chapter 11 Petitions and Requests for First Day Relief* [Dkt. No. 14 at ¶ 11] ("Investment funds advised by Versa Capital Management, LLC hold indirectly approximately 99% of the Class A Units issued by Ornatus Holdings, with the remaining Class A Units held by a third-party investor. In addition to Class A Units, those same equity holders hold 100% of the Class A-1 Units and Class B Units issued by Ornatus Holdings.")

9.     On or about April 12, 2019, Ornatus Holdings issued that certain Master Subordinated Note (as amended from time to time, the "Pre-Petition Subordinated Note") in favor of Ornatus Funding, another affiliate of Versa.  The Pre-Petition Subordinated Note secures a loan in the principal amount of approximately $38.4 million plus additional amounts advanced by Versa and certain of its affiliates.  The Pre-Petition Subordinated Note is guaranteed by each of the other Debtors and is collateralized by a security interest in substantially all of the Debtors' assets.[4]

---

[4] The Pre-Petition Subordinated Note allegedly replaced that certain Master Subordinated Note dated as of December 13, 2017, among Ornatus Holdings and Ornatus Funding.

**B.      The Bankruptcy Cases and the Trustee's Investigation to Date**

10.     On August 16, 2019, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing the above captioned cases (the "Bankruptcy Cases").

11.     On November 22, 2019, the Bankruptcy Cases were converted to cases under chapter 7 of the Bankruptcy Code, and David W. Carickhoff was appointed as chapter 7 trustee of the Debtors' estates.

12.     Despite multiple holidays and myriad other issues the Trustee needed to deal with at the outset of his appointment, much progress has been made by the Trustee and his counsel with respect to the investigation of Ornatus Funding.

13.     The Trustee and his professionals reviewed voluminous loan, security and related documents and completed the lien challenge investigation by January 17, 2020. After performing the investigation, the Trustee, in the exercise of his business judgment, determined not to initiate a lien challenge and informed Ornatus Funding accordingly.

14.     The Trustee and his professionals likewise analyzed the documents initially provided by the Committee and Ornatus Funding in connection with the Committee's investigation of other claims against Ornatus Funding. Among those claims, the Committee alleged that the Pre-Petition Subordinated Note may be subject to recharacterization. (*See* Dkt. No. 458). After a review of the documents initially provided, the Trustee and his professionals determined that those documents were insufficient to allow the Trustee to complete his investigation into recharacterization and other similar claims.

15.     As a result, on January 23, 2020, the Trustee sent the Informal Discovery Requests to counsel for the Versa Parties. The Informal Discovery Requests consisted of fourteen categories

of documents, communications and/or information. The Informal Discovery Requests also sought an interview with a representative of the Versa Parties with respect to certain information categories to allow for a more fulsome explanation of certain categories. In response, counsel to the Versa Parties produced thirteen total documents, mainly consisting of audits, spreadsheets and loan agreements (some of which had already been provided to the Trustee).  Importantly, despite a clear request by the Trustee, the Versa Parties produced absolutely no communications. Nor did the Versa Parties make a representative available for interview.  The Trustee and his counsel have reviewed the Versa Parties' production in response to the Informal Discovery Requests and have determined that it is severely deficient.

## RELIEF REQUESTED AND BASIS THEREFOR

16. By this Motion, the Trustee seeks entry of an order, substantially in the form attached hereto, (a) directing the Versa Parties to produce documents (i) identified herein on or before 14 calendar days from the date of the order granting this Rule 2004 Motion, and (ii) identified in any supplemental or additional document requests on or before thirty (30) calendar days from the date of service of such document requests; and (b) directing a corporate representative of Ornatus Funding to submit to and attend an oral examination no later than ten (10) calendar days from the date of the Trustee's service of a request therefor.

17. Given that the Versa Parties are both the 99% equity holder of the Debtors and a pre-petition lender to the Debtors, close scrutiny of their pre-petition financial transactions with the Debtors is required. *See, e.g., In re Franklin Indus. Complex, Inc.*, 2007 WL 2509709, *15 (Bankr. N.D.N.Y. Aug. 30, 2007 ("the degree of affiliation between the creditor and the debtor will be positively correlated with the level of scrutiny to which the transactions are subjected in recharacterization requests.")

18.     From the documents analyzed by Trustee's counsel to date, there appears to be certain indicia that the Pre-Petition Subordinated Note may be subject to recharacterization and/or that there may be other valid claims against Ornatus Funding. However, the Trustee requires additional information to complete his investigation, especially given the uniquely fact intensive nature of the analysis. *See, e.g., In re Midway Games Inc.*, 428 B.R. 303, 322 (Bankr. D. Del. 2010) ("Recharacterization is, by its nature, a fact intensive inquiry."). Unfortunately, given the Versa Parties' unwillingness to engage in meaningful discovery on an informal basis, the Trustee requires an Order of this Court to move forward.

19.     Bankruptcy Rule 2004 provides that, on the motion of any party in interest, the Court may order an examination of, and the production of documentary evidence by, any entity concerning any matter relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor[], or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b).

20.     Bankruptcy Rule 2004(c) provides that the attendance for examination and production of documents may be compelled by subpoena, in the method and manner, prescribed by Rule 45 of the Federal Rules of Civil Procedure, as made applicable hereto by Bankruptcy Rule 9016.

21.     "When a trustee takes over a Chapter 7 case, the trustee must learn quickly about the debtor entity. One of the original purposes of the 2004 examination . . . was to assist the trustee in this endeavor." *In re Drexel Lambert Group*, 123 B.R. 702, 708 (Bankr. S.D.N.Y.) (citing *Zydney v. New York Credit Men's Association*, 113 F.2d 986 (2d Cir. 1940)). A Rule 2004 examination is used for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). The

Trustee is vested with the power and obligation to "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a)(4). Accordingly, the Trustee is a "party in interest" under the Bankruptcy Code, and is properly concerned with the matters that are discoverable under a Rule 2004 examination because they concern the administration of the estates and the Debtor's financial history.

22. "The scope of Bankruptcy Rule 2004 is considered 'unfettered and broad.'" *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009); s*ee also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016). Further, the scope of Bankruptcy Rule 2004 has been described as a "fishing expedition" and an "inquisition." *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 614.

23. In determining whether to grant a motion to conduct discovery under Rule 2004, the Court is required to "balance the competing interests of the parties, weighing the relevance and necessity of the information sought by examination." *In re Drexel Burnham Lambert Grp.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). In making this decision, courts consider the purpose of the request as well as the relationship that the witnesses or documents have to the administration of the bankrupt's affairs or estate. *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (Bankr. S.D.N.Y.).

24. In this case, the requested documents and depositions will provide the Trustee with information necessary to determine whether the Pre-Petition Subordinated Note should be subject to recharacterization and/or whether there are other potential claims against Ornatus Funding. The Versa Parties have relevant information to allow the Trustee to complete his investigation and they should be required by this Court to provide such information to the Trustee.

25.  The limited discovery requested by this Rule 2004 Motion is necessary and falls well within the broad scope of Bankruptcy Rule 2004.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

26.  Consistent with Local Rule 2004-1(b), counsel from Archer & Greiner, P.C. has undertaken good faith efforts to obtain the discovery requested by this 2004 Motion on an informal basis without the need for Court intervention.

### RESERVATION OF RIGHTS

27.  Given the looming challenge deadline and the Versa Parties' insistence on a two-step process, the relief requested by this 2004 Motion is designed to allow the Trustee to complete his investigation of claims against Ornatus Funding. The Trustee reserves the right to file additional motions seeking discovery under Rule 2004 with respect to claims against other Versa Parties.

### NO PRIOR REQUEST

28.  No previous motion for the relief requested herein has been made to this or any other Court.

### NOTICE

29.  Notice of the Rule 2004 Motion has been provided to the following parties: (i) the office of the United States Trustee; (ii) counsel to the Versa Parties; and (iii) the parties requesting notice under Bankruptcy Rule 2002. The Trustee submits that no further notice is required.

**WHEREFORE,** the Trustee respectfully requests that the Court enter: (a) an order, substantially in the form attached hereto, granting the relief requested herein and such other or further relief as the Court deems just and proper.

Dated: February 18, 2020

**ARCHER & GREINER, P.C.**

/s/ *Alan M. Root*
Alan M. Root (No. 5427)
300 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
Phone: (302) 777-4350
Fax: (302) 777-4352
E-Mail: aroot@archerlaw.com

*Counsel to the Chapter 7 Trustee*

218010518v2